IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



UNITED STATES OF AMERICA

v.

RODGER BERLANGA (01)

No. 4:26-MJ- 172

**CRIMINAL COMPLAINT**

I, Special Agent Michael Albert, with the Federal Bureau of Investigations, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

On or about December 31, 2025, the defendant, **Rodger Berlanga**, in the Northern District of Texas, did knowingly transport child pornography using any means and facility of interstate and foreign commerce, namely the Internet.  Specifically, **Berlanga** transported the following visual depictions:

| File Name | File Description |
|---|---|
| Bandicam 2014-11-05 10-34-27-840 skype tiny girl naked spread bate.avi | This 14-minute-and-51-second video depicts a young prepubescent female completely nude showing her genitalia. In the video, the prepubescent female is inserting her finger inside of her vagina in multiple different positions. |

In violation of 18 U.S.C. §§ 2252A(a)(1).

I further state I am a Special Agent with the Federal Bureau of Investigations (FBI) and that this complaint is based on the following facts gathered by me:

**<u>INTRODUCTION</u>**

1.    I have been a Special Agent with the FBI since August 2023.  During my time as a Special Agent, I have investigated cases involving computer-related criminal activity and violent crimes against children.

**Criminal Complaint - Page 1 of 6**

As an FBI Special Agent, I am authorized to investigate violations relating to child exploitation and child pornography, including the production, transportation, receipt, distribution, and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252, and 2252A, as well as the enticement and coercion of minors, in violation of 18 U.S.C. § 2422(b), sex trafficking of children by force, fraud, or coercion, in violation of 18 U.S.C. §§ 1591 and 1594, and the transportation of minors with intent to engage in criminal sexual activity, a violation of 18 U.S.C. § 2423(a). I have gained experience in conducting these investigations through training and through everyday work, including executing search warrants and interviewing individuals who sexually exploit and abuse minors and who possess and trade child pornography.

2.      As a federal agent, I am authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States. During such investigations, I have observed and reviewed numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media, including computer media.  I have been involved in many child exploitative investigations and am very familiar with the tactics used by child pornography offenders who collect and distribute child pornographic material and those who commit contact sexual offenses with children.

3.      The statements contained in this affidavit are based on information provided by FBI Special Agents and other members of law enforcement; written reports about this and other investigations that I have received, directly or indirectly, from other law enforcement agents; information gathered from the service of administrative subpoenas; the results of physical and electronic surveillance conducted by law

Criminal Complaint - Page 2 of 6

enforcement agents; independent investigation and analysis by FBI agents/analysts and computer forensic professionals; and my experience, training and background as a special agent with the FBI. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that **Rodger Berlanga** did knowingly commit the offense described herein.

4.    I make this affidavit in support of a criminal complaint charging **Rodger Berlanga**, while in the Fort Worth Division of the Northern District of Texas, with a violation of 18 U.S.C. § 2252A(a)(2)(A), that is, transportation of child pornography.

## FACTS SUPPORTING PROBABLE CAUSE

5.    On or about December 31, 2025, a detective with the Fort Worth Police Department acting in an undercover capacity (undercover employee or UCE) conducted an investigation into the sharing of child pornography files on a BitTorrent network[1] in an effort to locate users sharing child pornography files on the Internet. The UCE identified a computer on the network with the IP address 162.194.249.15 as a potential candidate (source) for at least 2 files of investigative interest. The UCE's computer made a direct connection to the device at IP address 162.194.249.15.

---

[1] The BitTorrent network is a peer-to-peer (P2P), file-sharing network that can be accessed by computers via compatible client (software) programs, such as BitTorrent and uTorrent.

Criminal Complaint - Page 3 of 6

On December 31, 2025, between approximately 1528 hours and 1611 hours, 2 files were downloaded from the device at IP address 162.194.249.15. The device at IP address 162.194.249.15 was the sole candidate for each download, and as such, each file was downloaded directly from this IP address.

6.      I reviewed the video file that the UCE fully downloaded. The video file depicted child pornography, as defined by 18 U.S.C. § 2256(8) and is described as follows:

| File Name | File Description |
|---|---|
| Bandicam 2014-11-05 10-34-27-840<br><br>skype tiny girl naked spread bate.avi | This 14-minute-and-51-second video depicts a young prepubescent female completely nude showing her genitalia. In the video, the prepubescent female is inserting her finger inside of her vagina in multiple different positions. |

Based on my training and experience, I submit that this file meets the federal definition of child pornography found in 18 USC § 2256.

7.      The second video file that was downloaded was not available for law enforcement review.

8.      A search of the American Registry for Internet Numbers (ARIN) online database indicated that IP address 162.194.249.15 was registered to the Internet service provider AT&T. On or about January 7, 2026, an administrative subpoena was served to AT&T to obtain subscriber and billing information for the subscriber using IP address 162.194.249.15 on December 31, 2025.

**Criminal Complaint - Page 4 of 6**

Results from AT&T revealed the IP address was assigned to an account registered to **Rodger Berlanga** at [redacted] Creekwood Lane, Fort Worth, Texas. The IP address 162.194.249.15 was assigned to this subscriber at this Fort Worth location from at least August 23, 2024, through December 31, 2025.

9.     A review of law enforcement databases and open-source research associated with the Creekwood Lane residence suggested that **Rodger Berlanga** lived at that location since approximately 2011. On February 26, 2026, a state search warrant related to the child pornography investigation was obtained for **Berlanga's** residence.

10.     On March 2, 2026, your Affiant and other law enforcement personnel interviewed **Berlanga** at his workplace, the Dallas/Fort Worth International Airport. **Berlanga** agreed to speak with investigators. Your Affiant advised **Berlanga** of his *Miranda* rights, which **Berlanga** acknowledged understanding and agreed to speak with investigators. **Berlanga** admitted using a Torrent network to download child pornography on the desktop computer at his residence. **Berlanga** also told law enforcement that he understood how file-sharing worked and acknowledged that by using a peer-to-peer program, he was essentially sharing files of child pornography.

11.     **Berlanga** said he primarily downloaded pictures and videos of child pornography to his desktop computer, but that he also used his iPhone and iPad. **Berlanga** said he has been downloading child pornography for years.

**Criminal Complaint - Page 5 of 6**

12.     During the interview with **Berlanga**, a separate FBI search team conducted a search of his residence at [redacted] Creekwood Lane. The search team recovered an LG computer tower and a silver iPad along with other items of interest.

13.     I am aware that the Internet is a means and facility of interstate and foreign commerce.  Accordingly, **Berlanga** knowingly used BitTorrent, a third-party application and software, which requires the use of the Internet, a means and facility of interstate commerce, to transport the previously described visual depictions located on his desktop computer.

## CONCLUSION

14.     On or about December 31, 2025, in the Northern District of Texas, **Rodger Berlanga** did knowingly transport child pornography using any means or facility of interstate or foreign commerce, namely, the Internet, in violation of 18 U.S.C. § 2252A(a)(1).

15.     In consideration of the above, I respectfully request the Court issue a warrant authorizing the arrest of **Rodger Berlanga**.

Special Agent Michael Albert
Federal Bureau of Investigation

Subscribed and sworn to and before me on _____ 4th ____ day of March 2026 at ____

_1:53_ a.m./p.m., in Fort Worth, Texas.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

**Criminal Complaint - Page 6 of 6**